IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JASON DAN DECKER, #202 520, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-759-WKW-JTA |
| | ) | [WO] |
| KARLA JONES - WARDEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff Jason Decker who was incarcerated at the Kilby Correctional Facility when he filed this action. On October 18, 2019, Plaintiff filed a motion for preliminary injunction. Doc. No. 7. To support the motion Plaintiff asserted that during a previous term of incarceration at the Kilby Correctional Facility he "bartered" with correctional officers in exchange for drugs, cell phones, and other contraband. Plaintiff later informed the Intelligence and Investigative Division of the Alabama Department of Corrections ("I & I") regarding the conduct of the guards. That information led to the arrests of dozens of correctional officers at the Staton, Elmore, and Kilby Correctional Facilities. Plaintiff states he was paroled in November of 2017 but returned to prison in December of 2018 on parole violations. Because of the assistance he gave to I & I during his previous term of incarceration, Plaintiff complained he was subjected to physical abuse from correctional officers at Kilby, and, despite notifying the Warden and other prison officials of the mistreatment, he had not been moved. Plaintiff sought preliminary injunctive relief to prohibit Defendants from continuing to house him at Kilby.

As directed, General Counsel for the Alabama Department of Corrections ("ADOC") filed a response[1] to Plaintiff's request for issuance of a preliminary injunction in which she argued the motion was due to denied as moot.[2]  Doc. 16.  The court granted Plaintiff an opportunity to reply to General Counsel's response and directed him to show cause why his request for preliminary injunctive relief should not be denied as moot.  Doc. 17.  In his response, Plaintiff requests his "motion for preliminary injunction . . . be dismissed" because "his safety is not immediately threatened."  Doc. 18.

Accordingly, based upon the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's motion for preliminary injunctive relief (Doc. 7) be DENIED as moot.

2.  This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that **on or before February 18, 2020**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object.  Frivolous, conclusive or general objections will not be considered by the District Court.  This Recommendation is not a final order and, therefore, it is not appealable.

---

[1] When Plaintiff filed his request for preliminary injunctive relief, counsel had not entered an appearance for the named defendants.  Consequently, the court directed General Counsel for the Alabama Department of Corrections to respond to Plaintiff's request and noted that no waiver of service was inferred as to any Defendant simply because General Counsel had been ordered to respond.  Doc. 10.

[2] General Counsel argued Plaintiff's request for preliminary injunctive relief had been rendered moot by his transfer to the Holman Correctional Facility on October 23, 2019.  Doc. 16 at 2; Doc. 16-1.  *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)  (noting that "[t]his court has clearly stated the following: '[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred.' ")).

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of February, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE