IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON DAN DECKER, AIS #202520, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:19-cv-759-WKW-JTA |
| | ) |
| KARLA JONES, WARDEN, et al., | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

This 42 U.S.C. § 1983 action is before the Court on a Complaint, as amended, filed by Plaintiff Jason Dan Decker ("Decker"), a state inmate proceeding *pro se*, alleging that on September 17, 2019, and October 4, 2019,[1] while housed at Kilby Correctional Facility, he was subjected to excessive force by correctional officers due to his previous assistance in the investigation of corruption at the Alabama Department of Corrections ("ADOC"). Docs. No. 1, 4,[2] 21.  He names as the defendants the ADOC,[3] Warden Karla Jones, Captain

---

[1] At various times in his pleadings, Decker identifies "2017" at the year of the alleged constitutional violations.  However, the undisputed record confirms that the incidents about which he complains occurred in 2019.

[2] Decker filed a signed Motion for Preliminary Injunction, on October 18, 2019, requesting his immediate removal from Kilby due to threats to his safety.  Doc. No. 7.  Based upon Decker's transfer from Kilby on October 23, 2019, and his representation that "his safety [was] not immediately threatened[,]" the undersigned recommended denial of the motion.  Doc. No. 26.  The presiding district judge adopted the undersigned's Recommendation.  Doc. No. 37.

[3] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

Kenneth Hudson and Officer Kenneth Reese (collectively "Defendants").  *Id.*  In his Complaint, as amended, Decker does not specify whether he sues Defendants in their official or individual capacities.  *Id.*  As relief, Decker asks the Court to "[r]e-instate parole for me, transfer me to another facility immediately and any other that this court deems fitting."  Doc. No. 1 at 4.  In the Amendments to his Complaint, Decker asks the Court to move him to Limestone Correctional Facility and to place him in protective custody.  Doc. No. 4 at 5; Doc. No. 21 at 2.

Defendants filed an answer, special report, and supporting evidentiary materials addressing Decker's claims for relief.  In these documents, Defendants deny violating Decker's constitutional rights.  Doc. No. 35, Exs. 1-4; Doc. No. 44, Exs. 1-2.  After Defendants filed their special reports, the Court issued an order directing Decker to file a response to the arguments set forth by Defendants in the reports and advising him that his response should be supported by affidavits or statements made under penalty of perjury and other appropriate evidentiary materials.  Doc. No. 45 at 1-2.  The order specifically advised the parties that "at some time in the future the Court will treat the defendants' report . . . as a dispositive motion[.]" *Id.*  In addition, the order specifically cautioned the parties that "unless within ten (10) days from the date of this order a party files a pleading which presents sufficient legal cause why such action should not be "undertaken . . . the Court may at any time [after expiration of the time for the plaintiff filing a response to the

---

damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The Alabama Department of Corrections is not subject to suit or liability under § 1983.  Indeed, the Eleventh Amendment bars suit directly against a state or its agencies regardless of the relief sought.  *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89 (1984).  Thus, Decker's claims against the ADOC are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2

order] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." Doc. No. 45 at 2. Decker filed a response to this order on May 29, 2020. Doc. No. 46.

Pursuant to the directives in the orders entered in this case, the Court deems it appropriate to treat Defendants' reports as motions for summary judgment. Upon consideration of the motions for summary judgment, the evidentiary materials filed in support thereof, and the sworn complaint, the undersigned concludes that summary judgment is due to be granted in favor of Defendants.

## II. FACTS

Decker filed this action on October 9, 2019, alleging Defendant Reese used excessive force against him on September 17, 2019, while he was housed at Kilby Correctional Facility when Defendant Reese and Officer Yelder[4] "hit [Decker] in [his] upper ribcage and middle back, while handcuffing and returning [him] to [his] cell from the showers." Doc. No. 1 at 3. As relief, Decker asked that the Court "[r]e-instate parole for me, transfer me to another facility immediately and any other that his court deems fitting." Doc. No. 1 at 4. Defendant Reese and Officer Yelder denied the use of force against Decker on this occasion. Doc. No. 35-1 at 7, 8. A body chart completed on September 18, 2019, revealed no bruises or wounds. Doc. No. 35-2 at 1-3. An

---

[4] Officer Yelder was not named as a defendant in the Complaint or any amendments.

investigation conducted by Defendant Hudson concluded there was no use of force. Doc. No. 35-2.

In his Amendment to the Complaint filed the same day, Decker alleged that on October 4th, Defendant Reese used excessive force against him when he came into his cell to serve the last meal of the day and sprayed him with chemicals and grabbed his throat and threatened him about snitching. Doc. No. 4 at 2. As relief Decker sought

> immediant {sic} transfer by ways of a Preliminary Injunction . . . [t]hat Decker be move[d] to Limestone Corr facility 'Protective Custody' Unit until the claims raised in the 1983 can be resolved. Decker contends that it is known throughout the region that he has cooperated with I&I & FBI Officials. Limestone Protective Custody is designed for individuals such as Decker. That this Honorable Court grant any other relief deemed and appropriate for this Petition for Preliminary Injunction.

Doc. No. 4 at 4-5.

Defendant Reese denied that he entered Decker's cell, sprayed him, choked him, or threatened him. Doc. No. 44-2. The incident report completed by Defendant Hudson confirmed Decker's allegations and Defendant Reese's denials. Doc. No. 44-3. Defendant Hudson also reported that Decker told him the chemical agent landed on his arms and bed sheets. Defendant Hudson asked for the sheets to have them tested as evidence, but Decker said he sent them out that morning to be washed. *Id.* Decker also reported that the boxers he was wearing during the questioning with Defendant Hudson were the same ones he wore when Defendant Reese sprayed him, but that the chemical did not land on them. *Id.* The body chart completed on October 4th showed no injuries. Doc. No. 44-1.

On November 4, 2019, Decker filed a notice informing the Court that he was transferred to W. C. Holman Correctional Facility on October 28, 2019. Doc. No. 15. In a document filed December 6, 2019, specifically entitled "Requesting that 1983 'Relief

4

Sought' be Ammended/Corrected" {sic}, Decker asked that his relief request be amended to request "full reinstatement of his parole status, but also adds that Decker be transferred to the Protective Custody wing of Limestone C.F. [because] he is labeled {sic} as an 'informant.'" Doc. No. 21 at 1. The Court granted the motion to amend the relief requested in the Complaint and Amendment to the Complaint to seek the specific relief as stated. Doc. No. 22. Then on January 24, 2020, Decker filed a notice advising the court of his transfer to Limestone Correctional Facility. Doc. No. 28.

Over a year later on February 11, 2021, Decker advised the Court that he was returned to Kilby. Doc. No. 47. Finally, Decker advised the Court on February 11, 2022, that he had been transferred to Ventress Correctional Facility, where he is currently housed. Doc. No. 51. The Court notes that during the year Decker spent at Kilby in 2021 he filed no documents with this Court alleging threats to his safety or requesting transfer from Kilby.

### III. SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, a reviewing court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. . . . [A dispute] is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party asking for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and alerting the court to portions of the record that support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, once the movant has satisfied this burden, the nonmovant is similarly required to cite portions of the record showing the existence of a material factual dispute. *Id.* at 324. To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In determining whether a genuine dispute for trial exists, the court must view all the evidence in the light most favorable to the nonmovant and draw all justifiable inferences from the evidence in the nonmoving party's favor. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *see* Fed. R. Civ. P. 56(a).

Although factual inferences must be viewed in a light most favorable to the plaintiff and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard v. Banks,* 548 U.S. 521, 525 (2006). Thus, a plaintiff's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case.

## IV.  DISCUSSION

Here, after a thorough and exhaustive review of all the evidence which would be admissible at trial, the undersigned finds that Decker has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of Defendants. *See Matsushita*, 475 U.S. at 587.

At bottom the question before the Court is how to interpret the relief sought by Decker in his Complaint, as amended. Docs. No. 1, 4, 21. Although Decker alleges that Defendant Reese twice used excessive force against him, and Defendants Hudson and Jones failed to protect him, he makes no specific claim for damages based upon his alleged injuries. Rather, in the relief section of his Complaint, in addition to asking the Court to "[r]e-instate parole for me, [and] transfer me to another facility immediately[,]" he also asks the Court for "any other [relief] that this court deems fitting." Doc. No. 1 at 4. Again, he restates this demand for "any other relief" in his first Amendment to the Complaint. Doc. No. 4 at 5.[5]

Importantly, in Decker's December 6, 2019, motion specifically entitled "Requesting that 1983 'Relief Sought' be Ammended/Corrected" {sic}, which became his second Amendment to the Complaint, he failed to include any claim for damages and failed to include the same catch-all language he had used in his prior pleadings. Rather, he sought only injunctive relief. *See* Doc. No. 21 at 1. Finally, the Court notes that in his Response to Defendants' Special Reports, he complains that he suffers from PTSD as a result of Defendants' actions and admits he is being treated in prison for this condition. (Doc. No.

---

[5] The Court is mindful of the Eleventh Circuit's direction that such catch-all language be construed to encompass a request for nominal damages. *Hughes v. Lott,* 350 F. 3d 1157, 1162 (11th Cir. 2003) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.") (Citation omitted); *Logan v. Hall*, 604 F. App'x 838, 841 (11th Cir. 2015) (finding the "district court erred in dismissing the complaint without considering whether, under the principle of liberal construction for *pro se* pleadings, [the] complaint could be construed as requesting nominal damages").

46 at 28). He specifically states that "unless he is paroled he will have to remain in P.C. Unit for fear of his life." *Id.*

Pursuant to the Eleventh Circuit's directives in *Logan,* prior to the dismissal of a *pro se* complaint, the Court must consider whether under a liberal reading, Decker's pleadings state a claim for nominal damages. 604 F. App'x at 841. In making this determination, the Court also notes that precedent requires it to consider the effect of Decker's subsequent amendments. Docs. No. 1, 4, 21. Indeed, the Eleventh Circuit has recognized the general rule of amendment, which mandates an amended complaint supersedes and replaces an original complaint unless the amendment specifically refers to or adopts the earlier pleading, applies to pleadings filed by *pro se* parties. *Schreane v. Middlebrooks,* 522 F. App'x 845, 847 (11th Cir. 2013) (citing *Pintando v. Miami-Dade Hous. Agency,* 501 F. 3d 1241, 1243 (11th Cir. 2007) ("Once the district court accepts the amended pleading, 'the original pleading is abandoned by amendment, and is no longer a part of the pleader's averments against his adversary.'")).

In *Schreane,* the Eleventh Circuit noted that Rule 15 of the Federal Rules of Civil Procedure allows a party to "amend its pleading once as a matter of course[,]" but noted it does not discuss the effect of an amended pleading on a previous pleading. 522 F. App'x at 847. The Eleventh Circuit affirmed the district court's dismissal of the amended complaint, citing Florida Local Rules 4.01[6] and 15.1.[7] *Id.* at 848. In so holding, the Court

---

[6] M.D. Fla. L.R. 4.01 states "unless otherwise directed by the [district court], any party permitted to amend a pleading shall file the amended pleading in its entirety with amendments incorporated therein." *Id.* at 847-848.

[7] M.D. Fla. L.R. 15.1 deemed abandoned "matters not set forth in amended pleading." *Id.* at 847-848.

8

quoted the United States Supreme Court stating that its precedent "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id.* at 847 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

The undersigned notes that like Florida's Local Rules, Middle District of Alabama Local Rule 15.1 states, in pertinent part, as follows:

> Any amendment to a pleading, document or other paper, whether filed as a matter of course or upon a motion to amend, must except by leave of court, reproduce the entire pleading, document or other paper as amended, and *may not incorporate any prior pleading, document or other papers by reference.*

M.D. Ala. L. R. 15.1 (emphasis added). Although the Middle District of Alabama Local Rules do not contain the same directives on abandonment of claims omitted by subsequent pleadings as the Local Rules for the Middle District of Florida, precedent counsels consideration of the general rule of amendment in the context of a *pro se* prisoner complaint. *Schreane,* 522 F. App'x at 848 (citing *McNeil,* 508 U.S. at 113).[8]

The undersigned concludes based upon a close and fair reading of all Decker's pleadings as a whole that he originally sought and continues to seek injunctive relief – first, in a transfer to Limestone Correctional Facility protective custody and second, in a reinstatement of his parole. However, his pleadings do not reflect any claim for monetary damages. Further, to the extent that Decker ever intended to seek nominal damages by the

---

[8] Magistrate Judge T. Michael Putnam writing for the Northern District affirmed the dismissal of a *pro se* complaint, which was subsequently amended by counsel, holding "[b]ecause an amended complaint 'supercedes and replaces' the original pleading, *Jackson v. Sec'y Dept. Corr.,* 2012 WL 1025390 *5 (M.D. Fla. March 27, 2012), only those claims set forth in the Amended Petition filed by counsel are before this court for consideration." *Gaines v. Price,* 2017 WL 2296962 *1 fn. 3 (N.D. Ala. May 2017).

catch-all language in his Complaint, his later pleadings make clear that he abandoned those claims in his second Amendment to the Complaint. Doc. No. 21; *Schreane, id, see also*, M.D. Ala. L.R. 15.1. Thus, pursuant to the Eleventh Circuit's direction in *Logan*, the Court concludes that under the principles of liberal construction for *pro se* pleadings, Decker's pleadings do not contain a claim for nominal damages. 604 F. App'x at 841. Accordingly, the undersigned limits its consideration below to Decker's claims for injunctive relief, which have been plead in his Complaint, Doc. No. 1, and replead specifically in his second Amendment to Complaint, Doc. No. 21 at 1.

### A. DISMISSAL OF CLAIMS BASED ON TRANSFER FROM KILBY

Decker requests that the Court "transfer [him] to another facility immediately." Doc. No. 1 at 4. Under Eleventh Circuit precedent "a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith v. Allen,* 502 F. 3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas,* 563 U.S. 277 (2011); *see also*, *Zatler v. Wainwright,* 802 F. 2d 397, 399 (11th Cir. 1986) (per curiam); *Green v. Neel*, 2018 WL 11448212, * 2 (11th Cir. 2018). Here, Decker seeks injunctive relief in the form of a transfer from Kilby prison due to concerns for his safety. Docs. No. 1, 4, 21. Because Decker is no longer incarcerated in Kilby, his instant claims for injunctive relief are moot and are due to be dismissed. Accordingly, Defendants' Motion for Summary Judgment is due to be granted as to Decker's claims for injunctive relief based upon his request for transfer to a different prison.

### B. DISMISSAL OF CLAIMS FOR EARLY RELEASE FROM PRISON

Decker also requests that the Court "[r]e-instate parole for [him]." Doc. No. 1 at 4. Decker asserts he was paroled in November of 2017 but returned to prison in December of 2018 on parole violations. (Doc. No. 7 at 2.) He continues to seek parole in his Response to the Defendants' Special Reports. (Doc. No. 46 at 28.)

A claim for relief to be released back to parole is not appropriate in a Section 1983 action. Rather, this claim for relief may only be addressed in a petition for habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Indeed, in *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983"). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48. Thus,

11

*Heck* confirms that "[h]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." 521 U.S. 481 (citing *Preiser,* 411 U.S. 475 (1973)). Accordingly, Defendants' Motion for Summary Judgment is due to be granted as to Decker's claims for relief based upon his parole.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Alabama Department of Corrections be DISMISSED as a party to this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. Defendants' Motions for Summary Judgment, Docs. No. 35 and 44, be GRANTED.

3. Judgment be GRANTED in favor of Defendants.

4. This case be dismissed with prejudice.

5. Costs be taxed against the Plaintiff.

On or before **December 21, 2022** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of December, 2022.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE