IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON DAN DECKER, # 202520, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-759-WKW |
| ) | [WO] |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, WARDEN ) | |
| KARLA JONES, CAPTAIN ) | |
| KENNETH HUDSON, and ) | |
| OFFICER KENNETH REESE, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On December 6, 2022, the Magistrate Judge filed a Recommendation (Doc. # 53) to which no timely objections have been filed. The Recommendation concluded that the governing 42 U.S.C. § 1983 complaint did not request monetary damages, that Plaintiff's claims for injunctive relief were moot, that a request for reinstatement of parole was not viable in a § 1983 action, and that the Alabama Department of Corrections had Eleventh Amendment immunity from suit. (Doc. # 53.)[1]

---

[1] Plaintiff alleges that he was subjected to two excessive force incidents in the Kilby Correctional Facility. (Docs. # 1 at 3, 4 at 2.) In the second incident, Plaintiff alleges that Defendant Kenneth Reese, for no reason, "grabbed [him] by the throat" and "sprayed [him] with chemical munitions." (Doc. # 4 at 2.) The Inmate Body Chart Documentation Form completed by a health professional after the alleged incident indicated that there were "[n]o signs of injuries noted," while simultaneously reporting that there was "redness noted on [Plaintiff's] upper chest"

Based upon an independent review of the record, the Recommendation's outcome is correct. Accordingly, it is ORDERED as follows:

(1) The Recommendation is ADOPTED;

(2) The claims against the Alabama Department of Corrections are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

(3) Defendants' Motions for Summary Judgment (Docs. # 35, 44) are GRANTED; and

(4) Costs are TAXED against Plaintiff.

Final judgment will be entered separately.

DONE this 14th day of February, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

and arms. (Doc. # 44-1 at 2.) Plaintiff contends that the redness on his chest and arms was a manifestation of Plaintiff being grabbed by the throat and being doused with "Saber Red" pepper spray (causing "chemical burns"). (Docs. # 4 at 2, 46 at 12.) However, even if the body chart provides some evidence that Plaintiff suffered a physical injury during the second alleged excessive force incident, that evidence does not affect the outcome because the Recommendation did not reach the merits of Plaintiff's excessive force claims for injunctive relief, *see Sconiers v. Lockhart*, 946 F.3d 1256, 1265–66 (11th Cir. 2020) (discussing the elements of an Eighth Amendment excessive force claim), and this Order likewise does not reach the merits.